**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-6604**

JOHN E. HARGROVE,

Plaintiff – Appellant,

v.

JACOB FULLER; NURSE ERIN; NURSE JESSICA; DR. JOE; KING, C/O;
DR. EDWARDS; DR. JAMES; MILLER, C/O,

Defendants – Appellees,

and

PRIME CARE MEDICAL INCORPORATED; EASTERN REGIONAL JAIL;
CHAD; RUDLOFF,

Defendants.

Appeal from the United States District Court for the Northern
District of West Virginia, at Clarksburg. Irene M. Keeley,
District Judge. (1:08-cv-00132-IMK-JSK)

Submitted: November 30, 2010        Decided: January 24, 2011

Before MOTZ, SHEDD, and DUNCAN, Circuit Judges.

Remanded by unpublished per curiam opinion.

John E. Hargrove, Appellant Pro Se. John Dorsey Hoffman,
FLAHERTY, SENSABAUGH & BONASSO, PLLC, Charleston, West Virginia;
Philip Cameron Petty, ROSE PADDEN & PETTY, LC, Fairmont, West
Virginia; Chad Marlo Cardinal, WV REGIONAL JAIL & CORRECTIONAL

FACILITY AUTHORITY, Charleston, West Virginia; Frederick W. Goundry, III, VARNER & GOUNDRY, Frederick, Maryland, for Appellees.

————————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John E. Hargrove sued several state officials pursuant to 42 U.S.C. § 1983 (2006). He seeks to appeal the district court's February 10, 2010 judgment in favor of defendants. Thus, absent an extension or reopening of the appeal period, Hargrove had until March 12, 2010, in which to file a notice of appeal. Fed. R. App. P. 4(a)(1)(A).

The district court filed Hargrove's notice of appeal on April 20, 2010. Because Hargrove is a prisoner, the notice of appeal is considered filed as of the date it was properly delivered to prison officials for mailing to the court. See Fed. R. App. P. 4(c)(1); Houston v. Lack, 487 U.S. 266, 276 (1988) (holding that pro se prisoners' notices of appeal are deemed filed upon delivery to prison authorities for forwarding to the district court). On this record, however, it is unclear when Hargrove delivered his notice of appeal to prison officials for mailing. While the possibility that Hargrove timely delivered his notice of appeal to prison officials on or before March 12, 2010, and that it took those officials until April 20, 2010, to deliver it to the district court appears remote, it is nevertheless a possibility.

Accordingly, we remand this matter for the limited purpose of allowing the district court to obtain from the parties information regarding when Hargrove provided his notice

3

of appeal to prison officials for mailing and to determine whether the filing was timely under Rule 4(c)(1) and Houston v. Lack. The record, as supplemented, will then be returned to this court for further consideration.

REMANDED